After a careful reading of this rather voluminous record, we find nothing of substance to support the appeal from the decree by the court of chancery dismissing the bill of complaint herein as amended, with costs to the defendant and a *Page 510 
counsel fee. The bill, as originally framed, sought to set aside two deeds, dated January 3d 1924, by the complainant, then a widower, of two parcels of land in Jersey City, at that time owned by him, to one Gannon as an intermediary and simultaneously by him conveyed to complainant and defendant, as joint tenants and not as tenants in common, which deeds were duly acknowledged and recorded in the register's office of Hudson county on the following day. The original bill of complaint sought to have these deeds set aside on the ground that the same had been obtained by the defendant fraudulently and through a mistake as to their legal effect, and that they might be declared void and canceled.
At the conclusion of the final hearing, complainant moved for leave to amend the pleadings to transform the bill of complaint into one for reformation, in order to conform to the evidence in the case, and such amended bill was filed and prays for a decree to the effect that said deeds were executed and accepted under a mutual mistake by the complainant and defendant, as to the legal operation thereof; and that it should be decreed that said conveyance operated to vest in the defendant a title to the property only by survivorship, upon the death of the complainant; and that the same should not have any other operation as an instrument creating a joint tenancy; and that it be reformed so as to express such as being the true intention of the complainant and defendant at the time of execution.
It is a rather unusual circumstance to be noted, that the present counsel for complainant, who prepared these deeds and certified to their due acknowledgment, as a supreme court commissioner, now appears seeking to set aside the transaction on the grounds alleged. It is a fact of some significance, too, that the basis of this claim has been shifted from a bill alleging fraud to one alleging mutual mistake, which indicates that the complainant is seeking a result, but does not himself know with any certainty what grounds exist to justify such a result. We are equally unable on this record to find any justification for the relief sought.
There is no proof tending to show fraud, nor anything *Page 511 
approaching the clear and convincing testimony required to justify setting aside the deeds on the ground of mutual mistake or undue influence. There is no substantial proof of mental incapacity or lack of understanding, upon the part of complainant, nor that the defendant son occupied any dominant position requiring him to justify the gift. In fact, we find much in the record to show that the contrary is the fact and that the father, while rough and illiterate, was mentally and physically alert and vigorous; that for the most part he had his own way in matters affecting the household arrangements and living conditions, from time to time, of both himself and his son; that he usually made the suggestions as to arrangements of the property and sharing with his son on a fifty-fifty basis, and that the latter usually acquiesced therein. If there was any dominance it belonged to the father, but for the greater part of the time they got along amicably until the later marriage.
Viewed as a whole, no desire or attempt by either appears, to alter these transactions until years afterward. The agreement, to share equally in their property and accumulations, was accepted and put into effect, and acquiesced in for a long time and the arrangement is not now to be set aside. Without pausing to agree or disagree with all the views expressed by the trial court, we agree with the result.
We have considered all of the points urged by the appellant and deem them inapplicable to the facts of the case. In all essential respects, the case is similar to the situation in James v.Aller, 68 N.J. Eq. 666, which is sufficient authority for the action of the court below in dismissing the bill of complaint.
For the foregoing reasons, the decree of the court of chancery is affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 512